

Stradley Ronon Stevens & Young, LLP
Suite 2600
2005 Market Street
Philadelphia, PA 19103-7018
Telephone 215.564.8000
Fax 215.564.8120
www.stradley.com

Antranig Garibian
(215) 564-8080
agaribian@stradley.com

October 2, 2013

**VIA CM/ECF FILING & HAND DELIVERY**
Hon. Sandra L. Townes
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   **J&A Bruno Family Limited Partnership v. Nationwide Mutual Fire Insurance Company, et al.; U.S.D.C. E.D.N.Y. 1:13-cv-03887-SLT-LB; Local Civil Rule 83.7(e)(2) Application for Exemption from Compulsory Arbitration**

Your Honor,

Defendant, Nationwide Mutual Fire Insurance Company ("Nationwide"), appearing in its fiduciary[1] capacity as the fiscal agent[2] of the United States and at the expense of the United States Treasury,[3] by and through counsel, submits this letter to request that the above referenced case be exempted from compulsory arbitration pursuant to Eastern District of New York Local Civil Rule 83.7(e)(2).

**Background**

On July 12, 2013, the Plaintiff, J&A Bruno Family Limited Partnership ("Plaintiff"), filed a Complaint against Nationwide and Amato Coverage Group, Inc., arising out of a dispute over flood insurance coverage for flood damages to Plaintiff's property (the "Property") as a result of Superstorm Sandy on October 29, 2012. This Court entered an order on September 30, 2013, scheduling an arbitration hearing for January 14, 2014. (Docket No. 16).

Nationwide is a Write Your Own ("WYO") company that issues Standard Flood Insurance Policies ("SFIPs") in accordance with the National Flood Insurance Program ("NFIP"). The SFIP is a codified federal regulation and contains the terms and conditions mandated by the federal government. *See* 42 U.S.C. § 4072; 44 C.F.R. Pt. 61, App. A(2). The

---

[1]   *See* 44 C.F.R. § 62.23(f).
[2]   *See* 42 U.S.C. § 4071(a)(1); *Gowland v. Aetna*, 143 F.3d 951 (5th Cir. 1998).
[3]   *See* 42 U.S.C. § 4017(d)(1); *Van Holt v. Liberty Mutual Fire Ins. Co.*, 163 F.3d 161 (3d Cir. 1998).

Property, a building located at 336-346 Meredith Ave., Staten Island, NY 10314-3614, was insured under a SFIP issued by Nationwide to the Plaintiff.

**Request for Exemption from Compulsory Arbitration**

On September 12, 2013, Nationwide filed a pre-motion letter ("Nationwide Pre-motion Letter") with the Court, which is attached hereto as Exhibit A. The Nationwide Pre-motion Letter explains that the Plaintiff's claims fail, as a matter of law, and that Nationwide seeks dismissal of all of the Plaintiff's claims against Nationwide pursuant to Fed. R. Civ. P. 12(b)(6). Accordingly, Nationwide requests an exemption from compulsory arbitration.

Pursuant to Local Civil Rule 83.7(e)(2)(B), this Court shall exempt a case from arbitration where "the objectives of arbitration would not be realized . . . because legal issues predominate over factual issues." That is precisely the case here. In the First Cause of Action (the only cause of action asserted against Nationwide), the Plaintiff alleges that Nationwide breached the SFIP by incorrectly and inaccurately calculating the Plaintiff's loss arising out of the subject flood loss and that Nationwide did not account for all of the damages. (Complaint, ¶13). However, the Plaintiff concedes that Nationwide's basis for denying the amount in question was due to the fact that the denied damages were for another building that Nationwide determined was not covered under the subject flood policy. (*See* Complaint, ¶12).

Despite the fact that the Plaintiff's SFIP Declaration Page lists the insured property as "336-346 Meredith Ave. Staten Island, NY 10314-3614," the Plaintiff seeks flood insurance coverage for flood damages to a <u>separate building</u> located at "320-330 Meredith Ave.", which, as a matter of law, is <u>not</u> covered by the Plaintiff's SFIP, a codified federal regulation. On May 14, 2013, Nationwide sent a letter to the Plaintiff explaining that pursuant to the SFIP, the other building located on the Plaintiff's property was not covered under the Plaintiff's SFIP, and that the Plaintiff would have to purchase a separate SFIP in order to obtain coverage for the second building. (Complaint, ¶14). This is a simple matter of law: Plaintiff's SFIP, a federal regulation, provided coverage for a single building at a single address. The SFIP at issue did not cover the second building.

Additionally, pursuant to Local Civil Rule 83.7(e)(2)(C), there is good cause to remove this matter from the arbitration program. The Federal Emergency Management Agency ("FEMA") has reserved to itself the exclusive authority to waive NFIP requirements, which Nationwide is bound to enforce. *See* 44 C.F.R. § 61.13(d), 44 C.F.R. pt. 61, app. A(2), art. VII(D). As such, neither Nationwide nor this Court has authority to waive such requirements and, absent a FEMA waiver, any arbitration award in Plaintiff's favor would be unconstitutional. Accordingly, this matter should be exempted from compulsory arbitration.

## Conclusion

      For these reasons, Nationwide respectfully requests that this Honorable Court exempt the above referenced matter from compulsory arbitration.

                                Respectfully submitted,

                                */s/ Antranig Garibian*
                              **STRADLEY, RONON, STEVENS & YOUNG, LLP**
                              Antranig N. Garibian, Esq.
                              Craig Russell Blackman, Esq. (*Admitted Pro Hac Vice*)

cc: All Counsel and Parties of
     Record

# 1823241